## Gross v. Kelly.

February 20, 1951.

Watt M. Prichard, Judge.

Dysard & Dysard for appellant.

E. Poe Harris for appellee.

JUDGE MILLIKEN—Reversing.

On January 18 or 19, 1948, Mrs. Zella Kelly, a practical nurse about fifty-nine years of age, submitted to a beauty treatment at the hands of Mrs. Maysie Manning Gross, an experienced beautician. The treatment was intended to remove skin blemishes and wrinkles on Mrs. Kelly's face and neck, but according to her petition the beauty preparation Mrs. Gross applied was so potent, powerful and dangerous "that as a direct and proximate result the plaintiff's (Mrs. Kelly's) kidneys were injuriously affected and blocked, her entire system rendered toxic, and her health permanently impaired." After a hearing of the evidence offered, a jury returned a verdict in favor of Mrs. Kelly for $1,580, and it is from this verdict and judgment that this appeal is taken.

On a Sunday evening three or four hours after her evening meal and three or four days after the beauty treatment aforesaid, Mrs. Kelly became quite ill, suffered nausea and vomiting, and, because she was living alone, was removed to a hospital by her physician. A working diagnosis of acute indigestion was made. The physician also noted on the hospital record first degree chemical burns on the face and neck and chemical conjunctivitis. The first degree burns obtained in the beauty treatment were admitted to be analogous to light sunburn. Laboratory tests at the hospital revealed that Mrs. Kelly's kidneys functioned normally, that her blood pressure was nomal, blood count normal, and heart essentially normal. Her physician stated that Mrs. Kelly was suffering from nervous tension, but that the cause of it was indeterminate.

The preparation used on Mrs. Kelly was a mixture of gum tragacanth, citric acid, bay rum and peroxide according to the testimony of the defense, was designed to remove the epidermis and to bleach and draw the skin. Mrs. Kelly offered no testimony to establish that these ingredients were harmful nor that the use of them caused the plaintiff's illness several days later. The plaintiff intimated the preparation contained carbolic acid because she thought she smelled it, but admitted that she did not actually know what it contained.

The gist of Mrs. Kelly's evidence is that she became ill three or four days after a beauty treatment at the

hands of Mrs. Gross, and from this sequence of events she implies that Mrs. Gross was negligent and that the beauty treatment caused the illness of which complaint was made.

We conclude that the evidence of causation as well as negligence was insufficient to sustain the burden of proof. "Evidence merely furnishing the basis of conjecture, surmise, or speculation does not establish proximate cause, with certitude sufficient upon which to rest a verdict of a jury. * * * A plaintiff is never entitled to rest a verdict in his favor on mere supposition or conjecture; that is, on the possibility the thing could have happened, or on an idea or notion founded on the probability that a thing may have occurred, without proof that it did occur, from the acts of negligence upon which his recovery is based." Wigginton's Adm'r v. Louisville Ry. Co., 256 Ky. 287, 75 S. W. 2d 1046, 1050. See Shearman-Redfield on Negligence, Section 46; Ky. Digest, Negligence, Key 26, 134 and 136 for collection of cases.

We conclude that the mere fact that the plaintiff suffered illness is not of itself alone proof of negligence upon the part of the defendant, and that the trial court erred in overruling defendant's motion for a directed verdict. Donoho v. Rawleigh, 230 Ky. 11, 18 S. W. 2d 311 at page 314, 69 A. L. R. 1135.

Judgment reversed for proceedings consistent with this opinion.